**Wen Qiang LIU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–4109–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, Mary L. Trippler, Assistant United States Attorney, Minneapolis, Minnesota, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Wen Qiang Liu petitions for review of the BIA's July 2004 decision affirming an immigration judge's (IJ's) denial of Liu's claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Thus, this Court will reverse an eligibility determination "only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citation omitted).

"Absent past-persecution, establishing a well founded fear of future persecution requires both a subjective and an objective showing." *Cao He Lin v. U.S. DOJ*, 428 F.3d 391, 399 (2d Cir.2005) (citation omitted). Liu has not challenged the IJ's failure to determine whether he suffered past persecution, therefore he was required to "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d. Cir.2004). For an alien to prevail on the argument that he has a well founded fear of future persecution, he is required to offer credible, specific and detailed evidence of the feared persecution. *Huang v. INS*, 421 F.3d 125, 128 (2d Cir.2005). Liu's testimony about his encounter with the family planning officials fails to offer any support for his fear of sterilization, and neither the letter from his mother nor the letter from his girlfriend mention that the authorities are seeking Liu for *any* reason. Moreover, Liu conceded that perhaps his girlfriend was no longer in hiding nor living in fear of sterilization. Further, Liu's failure to articulate any examples of similarly situated people who were sterilized further undermines the reasonableness of his fear. In the absence of support in the record for Liu's assertion that he will be subjected to forced sterilization, his fear, even if genuine, is not objectively reasonable. *See id.* Accordingly, the IJ did not err in determining that Liu failed to meet his burden.

Liu has not challenged the IJ's holding regarding withholding of removal and re-

lief under CAT in his petition for review. Therefore, his petition for review of the IJ's finding as to these claims is effectively abandoned and was not considered. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, Liu's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1)